MARK K. SCHONFELD (MS-2798)
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center, Room 400
New York, NY 10281
(212) 336-0080 (Brody)

FILED BY ECF



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

       -against-

THOMPSON PRICE HOLDING INC. AND
DAMIR LUKOVIC a/k/a GREG THOMPSON

                Defendants.

------------------------------------------------------------------x

Judge Berman

07 CIV 9525

**COMPLAINT**

      Plaintiff Securities and Exchange Commission ("Commission") alleges the following against Defendants Thompson Price Holding Inc. ("Thompson Price") and Damir Lukovic a/k/a Greg Thompson ("Lukovic") (collectively, the "Defendants"):

## SUMMARY

1.  This is an emergency action brought to halt an ongoing fraudulent scheme. Defendants have defrauded unsuspecting investors in the United States (many of whom are senior citizens) by inducing investors to send checks purportedly for the purchase of shares in the initial public offerings ("IPOs") of several Australian companies. Thompson Price's president, Lukovic, using the alias "Greg Thompson," made false and misleading statements to prospective investors, including that: (i) Thompson Price had received an "allocation" of shares in the IPOs; and (ii) Thompson Price would use investors' funds to purchase IPO stock. In fact, each of these representations was false and misleading. Thompson Price was not an underwriter or a broker-dealer. It had no affiliation with any of the Australian companies or their underwriters. It never received any allocation of stock from those IPOs. And most important, the Defendants did not purchase IPO stock with the investors' money, but instead misappropriated the money for their own use.

2.  Defendants induced at least ten investors to send investment checks worth at least $107,730.

3.  By this action, the Commission seeks to terminate this ongoing fraudulent activity, prevent the disposition and dissipation of any remaining assets, and compel an accounting of the missing funds.

## VIOLATIONS

4.  By virtue of the conduct alleged herein:

    a.  Defendants, directly or indirectly, singly or in concert, have engaged and are engaging in acts, practices and courses of

    business, that constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a);

  b. Defendants, directly or indirectly, singly or in concert, have engaged and are engaging in acts, practices and courses of business, that constitute violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and

  c. Defendants, directly or indirectly, singly or in concert, have engaged and are engaging in acts, practices and courses of business, that constitute violations of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

Unless Defendants are temporarily, preliminarily, and permanently restrained and enjoined, they will continue to engage in the acts, practices and courses of business set forth in this Complaint and in acts, practices, and courses of business of similar type and object.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

5. The Commission brings this action pursuant to the authority conferred upon it by Section 20(b) of the Securities Act, 15 U.S.C. § 77t(b), and Section 21(d)(1) of the Exchange Act, 15 U.S.C. § 78u(d)(1), seeking to restrain and enjoin permanently Defendants from engaging in the acts, practices and courses of business alleged herein.

6. The Commission also seeks, as immediate relief, a temporary restraining order, a preliminary injunction, and asset freezes against Defendants, verified accountings from Defendants, expedited discovery, and an order prohibiting Defendants from destroying or

altering documents.

7.   Finally, the Commission seeks a Final Judgment ordering Defendants to disgorge their ill-gotten gains and to pay prejudgment interest thereon, and ordering Defendants to pay civil money penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

## JURISDICTION AND VENUE

8.   This Court has jurisdiction over this action, pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Sections 21(e) and 27 of the Exchange Act, 15 U.S.C. §§ 78u(e) and 78aa.

9.   Venue lies in this District pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C. § 78aa. The Defendants, directly and indirectly, have made use of the means and instrumentalities of interstate commerce, or of the mails, in connection with the transactions, acts, practices and courses of business alleged herein. A substantial part of the events and omissions giving rise to the Commission's claims occurred in the Southern District of New York, including: (1) Thompson Price purports to maintain its headquarters in this District; (2) the Defendants received and solicited investor funds in this District; and (3) Defendants used bank accounts serviced by banks in this District in connection with Thompson Price's business.

## THE DEFENDANTS

10.  **Thompson Price** is a New York corporation and purports to maintain an office in New York City. In communications with investors, it has also identified itself as Thompson Price Holdings Inc. Its current address is a call center in New York, New York. Its prior address

was a mailbox located in New York, New York. Thompson Price is not registered with the Commission as a broker or dealer.

11.  **Damir Lukovic**, age 31, a citizen of the former Yugoslavia, who has recently resided in Brooklyn, New York and Clifton, New Jersey. Lukovic has represented himself as Thompson Price's president. He is not registered as a broker or dealer and is not associated with any registered broker or dealer.

## FACTS

### A.  Background

12.  Thompson Price purportedly maintains an office in New York City and holds itself out to the public as a brokerage firm. Since at least October 2006, and continuing until the present, Lukovic controlled Thompson Price, whose only income has been from defrauding investors in the United States. In September 2006, Lukovic rented Thompson Price's private mailbox in New York City. In October 2006, representing himself as Thompson Price's president, Lukovic opened a bank account for Thompson Price.

### B.  Defendants' Misrepresentations to Investors

13.  On information and belief, Lukovic, using the alias Greg Thompson, made false and misleading statements to investors on behalf of Thompson Price since at least October 2006 and continuing to the present. Lukovic made these misrepresentations through unsolicited telephone calls to at least ten individuals in the United States, five of whom are senior citizens. In these calls, Lukovic claimed to be Thompson Price's president, "Greg Thompson," and Thompson Price a brokerage firm soliciting purported investments in several Australian IPOs.

14. Lukovic represented to investors that Thompson Price had received allocations of shares in IPOs for public companies located in Australia, and that the investors could participate in the IPOs by purchasing stock directly through Thompson Price.

15. When the investors agreed to purchase the shares, Thompson Price mailed copies of what purported to be prospectuses along with instructions for investors to pay for the purchase of their shares. At Lukovic's direction, the investors sent checks payable to Thompson Price directly to Thompson Price's New York office, which, in reality, was a mailbox located within a UPS Store.

16. Thompson Price did not purchase any stock in Australian IPOs. Instead, all the investors' checks were deposited into Thompson Price's bank account or immediately cashed by Lukovic. Lukovic endorsed most of the checks.

17. The investors' funds were subsequently withdrawn from Thompson Price's bank account by checks Lukovic wrote to himself or by ATM withdrawals. Most of the ATM withdrawals took place in Brooklyn, New York or Clifton, New Jersey, locations where Lukovic resided. Thompson Price has since closed this bank account. Through this fraud, Thompson Price and Lukovic have unlawfully obtained at least $107,730 from ten investors.

18. During the past three weeks, Lukovic called at least two investors who had previously sent money to Thompson Price. Lukovic told these investors that Thompson Price had received an IPO allocation for shares of another Australian public company, and that the investors could participate in the IPO by purchasing shares through Thompson Price.

C.  **The Oral Representations Were False and Misleading**

19. Each of Defendants' representations referred to above was false and misleading. Defendants knew, or were reckless in not knowing, that such representations were false.

Defendants never intended to purchase shares on behalf of the investors but rather intended to use the funds for their own purposes. The Defendants never purchased any stock for the investors, and the Defendants never received an allocation of IPO shares. In fact, the Defendants had nothing to do with any of the Australian IPOs.

**D.    Defendants acted as broker-dealers while not registered with the Commission**

20.   Defendants are not registered as a broker or dealer or associated with a registered broker-dealer. As unregistered broker-dealers, Defendants solicited investors to purchase securities. Moreover, Thompson Price, through Lukovic, has held itself out as a brokerage firm and distributed brokerage account opening forms.

### FIRST CLAIM FOR RELIEF
(Violations of Section 17(a) of the Securities Act)

21.   The Commission realleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 20 of this Complaint.

22.   From at least October 2006 through the present, Defendants, directly or indirectly, singly or in concert, by use of the means or instruments of transportation or communication in interstate commerce, or of the mails, in connection with the offer or sale of securities, have: (a) employed, and are employing, devices, schemes and artifices to defraud; (b) obtained, and are obtaining, money or property by means of untrue statements of material fact, or have omitted, and are omitting, to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged, and are engaging, in transactions, acts, practices and courses of business which would operate as a fraud or deceit upon purchasers of securities offered by Thompson Price.

23.   Defendants engaged, and are engaging, in the conduct described above knowingly or with recklessness.

24. By reason of foregoing, Defendants, directly or indirectly, singly or in concert, have violated, are violating, and unless enjoined, will continue to violate, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## SECOND CLAIM FOR RELIEF
### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5)

25. The Commission realleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 24 of this Complaint.

26. From at least October 2006 through the present, Defendants, directly or indirectly, singly or in concert, by use of the means or instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange, in connection with the purchase or sale of securities, have: (a) employed, and are employing, devices, schemes and artifices to defraud; (b) made, and are making, untrue statements of material fact, or have omitted, and are omitting, to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged, and are engaging, in transactions, acts, practices and courses of business which operated or would have operated as a fraud or deceit upon purchasers of securities offered by Thompson Price.

27. Defendants engaged, and are engaging, in the conduct described above knowingly or with recklessness.

28. By reason of foregoing, Defendants, directly or indirectly, singly or in concert, have violated, are violating, and unless enjoined, will continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. §240.10b-5.

## THIRD CLAIM FOR RELIEF
### (Violations of Section 15(a) of the Exchange Act)

29. The Commission realleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 28 of this Complaint.

30. From at least October 2006 through the present, Defendants, directly or indirectly, singly or in concert, by use of the mails or any means or instrumentality of interstate commerce, while acting as a broker or dealer, effected transactions in or induced or attempted to induce the purchase or sale of securities while not registered with the Commission as a broker or dealer or while not associated with an entity registered with the Commission as a broker-dealer.

31. Defendants engaged, and are engaging, in the conduct described above knowingly or with recklessness.

32. By reason of foregoing, Defendants, directly or indirectly, singly or in concert, have violated, are violating, and unless enjoined, will continue to violate, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that the Court grant the following relief:

**I.**

An Order temporarily and preliminarily, and a Final Judgment permanently, restraining and enjoining Thompson Price and Lukovic, their agents, servants, employees and attorneys and all persons in active concert or participation with them, who receive actual notice of the injunction by personal service or otherwise, and each of them, from future violations of Sections 17(a) of the Securities Act, 15 U.S.C. §§ 77q(a).

**II.**

An Order temporarily and preliminarily, and a Final Judgment permanently, restraining and enjoining Thompson Price and Lukovic, their agents, servants, employees and attorneys and all persons in active concert or participation with them, who receive actual notice of the injunction by personal service or otherwise, and each of them, from future violations of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, thereunder, 17 C.F.R. § 240.10b-5.

### III.

An Order temporarily and preliminarily, and a Final Judgment permanently, restraining and enjoining Thompson Price and Lukovic, their agents, servants, employees and attorneys and all persons in active concert or participation with them, who receive actual notice of the injunction by personal service or otherwise, and each of them, from future violations of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

### IV.

An Order directing Thompson Price and Lukovic, and each of their financial and brokerage institutions, agents, servants, employees attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, or otherwise, to hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the control of Thompson Price and Lukovic, whether held in their names or for their direct or indirect beneficial interest wherever situated.

### V.

An Order directing Thompson Price and Lukovic to file with this Court and serve upon the Commission, within five (5) business days, or within such extension of time as the Commission staff agrees to, a verified written accounting, signed by each such Defendant, and under penalty of perjury, setting forth:

(1) All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of each such Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2) All money, property, assets and income received by each such Defendant for his direct or indirect benefit, at any time from October 1, 2006 through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

(3) The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of each such Defendant; and

(4) All assets, funds, securities, and real or personal property received by each such Defendant, or any other person controlled by them, from persons who provided money to the Defendants in connection with the offer, purchase or sale of securities, from October 1, 2006 to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property.

## VI.

An Order permitting expedited discovery.

**VII.**

An Order enjoining and restraining Thompson Price and Lukovic, and any person or entity acting at their direction or on their behalf, from destroying, altering, concealing, or otherwise interfering with the access of the Commission to relevant documents, books and records.

**VIII.**

An order preventing any of Thompson Price or Lukovic's creditors or claimants, or any person acting on behalf of such creditor or claimant, from taking any action to interfere with the taking control, possession, or management of Thompson Price or Lukovic's assets.

**IX.**

A Final Judgment ordering Thompson Price and Lukovic to disgorge their ill-gotten gains, plus prejudgment interest, and such other and further amount as the Court may find appropriate.

**X.**

A Final Judgment ordering Thompson Price and Lukovic to pay civil money penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

## XI.

Such other and further relief as to this Court deems just and proper.

Dated: New York, New York
October 22, 2007

By: /s/ Mark Schonfeld
Mark Schonfeld (MS-2798)
Regional Director
Attorney for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
3 World Financial Center
New York, NY 10281
(212) 336-1020

Of Counsel:
Gerald A. Gross
Todd D. Brody
John Nowak
John J. Graubard
Reena Agrawal

13