MARK K. SCHONFELD (MS-2798)
REGIONAL DIRECTOR
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center
Room 400
New York, NY 10281
(212) 336-0080 (Brody)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

-against-

THOMPSON PRICE HOLDING INC. AND
DAMIR LUKOVIC a/k/a GREG THOMPSON

    Defendants.

07 Civ. 9525 ( ) RMB

---

## LOCAL RULE 6.1(d) DECLARATION IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDERS, PRELIMINARY INJUNCTIONS, ORDERS TO SHOW CAUSE, ASSET FREEZES, ACCOUNTINGS, AND OTHER RELIEF

I, Todd Brody, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am over 18 years of age and employed as an attorney in the New York Regional Office of Plaintiff, United States Securities and Exchange Commission ("Commission"). I make this declaration in support of the Commission's Emergency Application for Temporary Restraining Orders, Preliminary Injunctions, Orders To Show Cause, Asset Freezes, Accountings, and Other Relief (the "Application"):

1) directing defendants Thompson Price Holding Inc. ("Thompson Price") and Damir Lukovic a/k/a Greg Thompson ("Lukovic") (collectively referred to herein as the "Defendants") to show cause why an order should not be entered, pending a final disposition of this action:

   i) preliminarily enjoining the Defendants from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. §§ 240.10b-5;

   ii) freezing the Defendants' assets; and

   iii) prohibiting the destruction, alteration, or concealment of documents;

2) pending adjudication of the foregoing, an Order:

   i) temporarily restraining the Defendants from violating the aforementioned statutes and rule;

   ii) freezing the Defendants' assets; and

   iii) prohibiting the destruction, alteration, or concealment of documents;

3) directing each of the Defendants to provide a verified accounting; and

4) providing for expedited discovery.

    2.    I am a member of the bar of the State of New York and a member of the bar of this Court. I make this declaration pursuant to Local Civil Rule 6.1(d) to show that good and sufficient reasons exist for bringing this matter before the Court by an application and order to show cause rather than by notice of motion.

    3.    The Commission makes this application for emergency relief by application and

order to show cause to (i) preserve the status quo pending adjudication of the application; (ii) ensure that any future judgment of this Court for disgorgement, prejudgment interest and penalties will not be rendered meaningless; (iii) halt any ongoing violations of the federal securities laws; and (iv) prevent the destruction or fabrication of evidence. As set forth below, the Commission believes that to proceed by notice of motion may jeopardize the Court's ability to grant full and effective relief both as to this application and the merits of the Complaint.

## FACTS

4.  As alleged in the Commission's Complaint, and the accompanying Plaintiff's Memorandum of Law in Support of Its Emergency Application for Temporary Restraining Orders, Preliminary Injunctions, Orders To Show Cause, Asset Freezes, Accountings, and Other Relief and the accompanying Declarations and Exhibits submitted in support thereof, the Defendants have been, and are continuing to, engage in a fraudulent scheme involving the offering of securities that has, to date, raised at least $107,730.

5.  As part of this scheme, the Defendants have defrauded unsuspecting investors in the United States (many of whom are senior citizens) by inducing investors to send checks purportedly for the purchase of shares in the initial public offerings ("IPOs") of several Australian companies. Thompson Price's president, Lukovic, using the alias "Greg Thompson," made false and misleading statements to prospective investors, including that: (i) Thompson Price had received an "allocation" of shares in the IPOs; and (ii) Thompson Price would use investors' funds to purchase IPO stock. In fact, each of these representations was false and misleading. Thompson Price was not an underwriter or a broker-dealer. It had no affiliation with any of the Australian companies or their underwriters. It never received any allocation of stock from those IPOs. And most important, the Defendants did not purchase IPO stock with the

investors' money, but instead misappropriated the money for their own use.

## REASONS FOR PROCEEDING *EX PARTE*

6. As alleged in the Commission's Complaint, the Defendants are continuing to make misrepresentations to investors. For example, during the past three weeks, Lukovic called at least two investors who had previously sent money to Thompson Price. Lukovic told these investors that Thompson Price had received an IPO allocation for shares of another Australian public company, and that the investors could participate in the IPO by purchasing shares through Thompson Price.

7. Additionally, as alleged in the Commission's Complaint, the Defendants have received investor funds and have repeatedly withdrawn those funds from Thompson Price's bank account through ATM withdrawals and checks made payable to Lukovic.

8. Based on this conduct, there exists a very real risk that the Defendants would move and/or dissipate their assets, or assets in their control if the Commission were to proceed by notice of motion rather than by order to show cause.

9. No previous request has been made for the relief sought in the Application.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 25, 2007.
New York, New York

_____
Todd Brody