UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

    -against-

THOMPSON PRICE HOLDING INC. AND
DAMIR LUKOVIC a/k/a/ GREG THOMPSON

                        Defendants.

07 Civ. 9525

---

### ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, ORDER FREEZING ASSETS, ORDER FOR ACCOUNTINGS, AND GRANTING OTHER RELIEF

On the application of Plaintiff Securities and Exchange Commission (the "Commission") for an Order:

(1)    Directing defendants Thompson Price Holding Inc. and Damir Lukovic a/k/a Greg Thompson (collectively referred to herein as the "Defendants") to show cause why an order should not be entered, pending a final disposition of this action:

    (a)    preliminarily enjoining the Defendants from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78o(a), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

    (b)    freezing the Defendants' assets; and

    (c)    prohibiting the destruction, alteration, or concealment of documents;

(2)    pending adjudication of the foregoing, an Order:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/2007

    (a)    temporarily restraining the Defendants from violating the aforementioned statutes and rule;

    (b)    freezing the Defendants' assets; and

    (c)    prohibiting the destruction, alteration, or concealment of documents;

(3)    directing each of the Defendants to provide a verified accounting; and

(4)    providing for expedited discovery;

The Court has considered (1) the Commission's Complaint; (2) the Memorandum of Law in Support of Plaintiff's Application; (4) the Declaration of Dawn Libal, who is a member of the Commission staff, and the Exhibits attached thereto; and (5) the Local Rule 6.1(d) Declaration of Todd Brody in Support of Plaintiff's Application, executed on October 25, 2007.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act and Section 21(d) of the Exchange Act, has been made for the relief granted herein, for the following reasons:

1.    It appears from the evidence presented that the Defendants have violated, and, unless temporarily restrained, will continue to violate, Section 17(a) of the Securities Act, Sections 10(b) and 15(a) of the Exchange Act, and Rule 10b-5 thereunder as charged in the Plaintiff's Complaint.

2.    It appears that the Defendants have engaged in the above violations in connection with the purchase and sale of securities.

3.    It appears that an order freezing the Defendants' assets is necessary to preserve the *status quo* and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties.

4.  It appears that an order requiring each of the Defendants to provide a verified accounting is necessary to effectuate and ensure compliance with the freeze imposed on these assets.

5.  It appears that the Defendants may attempt to destroy, alter or conceal documents.

6.  Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

7.  This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this district.

NOW, THEREFORE,

### I.

**IT IS HEREBY ORDERED** that the Defendants show cause, if there be any, to this Court at __11:00 A__.m. on the __31ST__ day of __Oct__ 2007, in Room __21D__ of the United States Courthouse, __500 Pearl Street__, New York 10007, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 20 of the Securities Act, and Section 21 of the Exchange Act, preliminarily enjoining the Defendants from violating Section 17(a) of the Securities Act, Sections 10(b) and 15(a) of the Exchange Act, and Rule 10b-5 thereunder.

### II.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action, the Defendants, and each of the Defendants' financial and brokerage institutions, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with the Defendants who receive actual notice of such Order by personal service, facsimile service, or otherwise, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the control of the Defendants, whether held in their names or for their direct or indirect beneficial interest wherever situated.

**III.**

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order enjoining and restraining them, and any persons or entity acting at their direction or on their behalf, from destroying, altering, concealing or otherwise interfering with the access of the plaintiff Commission to any and all documents, books, and records, that are in the possession, custody or control of Defendants and their agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to Defendants' finances, or the offer, purchase or sale of securities and the use of proceeds therefrom.

**IV.**

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendants, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in the offer or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) employing any device, scheme or artifice to defraud;

    (b)    obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

    (c)    engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## V.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the plaintiff Commission's Application for Preliminary Injunction, the Defendants, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (a)    employing any device, scheme, or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## VI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendants, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, by use of the mails or any means or instrumentality of interstate commerce, in the absence of any applicable exemption, while acting as a broker or dealer:

(a) effecting transactions in or inducing or attempting to induce the purchase or sale of securities while not registered with the Commission as a broker or dealer, or

(b) effecting transactions in or inducing or attempting to induce the purchase or sale of securities while not associated with an entity registered with the Commission as a broker-dealer,

in violation of Section15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants, and each of the Defendants' financial and brokerage institutions, agents, servants, employees attorneys-in-fact, and those persons in active concert or participation with the Defendants who receive actual notice of such Order by personal service, facsimile service, or otherwise, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including

money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the control of the Defendants, whether held in their names or for their direct or indirect beneficial interest wherever situated.

### VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants and any person or entity acting at their direction or on their behalf, be and hereby are enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of plaintiff Commission to any and all documents, books, and records that are in the possession, custody or control of any of the Defendants, their agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to the Defendants' finances or business operations and the use of proceeds therefrom.

### IX.

**IT IS FURTHER ORDERED** that no creditor or claimant against any of the Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the Defendants' assets.

### X.

**IT IS FURTHER ORDERED** that each of the Defendants file with this Court and serve upon plaintiff Commission, within five (5) business days, or within such extension of time as the Commission staff agrees to, a verified written accounting, signed by each such Defendant, and under penalty of perjury, setting forth:

(1) All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of each such Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2) All money, property, assets and income received by each such Defendant for his direct or indirect benefit, at any time from October 1, 2006 through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

(3) The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of each such Defendant; and

(4) All assets, funds, securities, and real or personal property received by each such Defendant, or any other person controlled by them, from persons who provided money to the Defendants in connection with the offer, purchase or sale of a security, from October 1, 2006 to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property.

XI.

**IT IS FURTHER ORDERED** that discovery is expedited as follows. Pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure ("F.R.C.P."), and without the requirement of a meeting pursuant to F.R.C.P. 26(f), the parties may:

(1) Take depositions, subject to two (2) calendar days' notice by facsimile, or otherwise;

(2) Obtain the production of documents, within three calendar (3) days from service by facsimile, or otherwise of a request or subpoena, from any party, or any other persons or entities, including non-party witnesses; and

(3) Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, overnight courier, or first-class mail on an individual, entity or the individual's or entity's attorney.

## XII.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon the Defendants or upon the Defendants' attorney(s) on or before **5:00 PM on 10/26** 2007, by personal delivery **and** facsimile, overnight courier, or first-class mail. **R**

## XIII.

**IT IS FURTHER ORDERED** that the Defendants shall deliver any opposing papers in response to the Order to Show Cause above no later than **5:00 PM 10/29**, 2007. Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional Office of the Commission at 3 World Financial Center, Room 4000, New York, New York 10281, Attn: Todd D. Brody, Esq., or such other place as counsel for the Commission may direct in writing. The Commission shall have until **NOON ON 10/30**, 2007, to serve, by the most expeditious means available, any reply papers

upon the Defendants, or upon their counsel, if counsel shall have made an appearance in this action.

## XIV.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants and each of their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

*/s/ Richard M. Berman*

Issued at:  **12:35** : **P**.m.
October **25**, 2007
**New York**, New York

*Parties to work on good faith settlement prior to the 10/31 conference with the Court*

11