UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :

                Plaintiff,    :

           -against-    :    07 Civ. 9525 (RMB)

     :

THOMPSON PRICE HOLDING INC. AND    :
DAMIR LUKOVIC a/k/a GREG THOMPSON    :

                Defendants.    :

     :
-------------------------------------------------------------------x

### STIPULATION AND [PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION AND OTHER RELIEF ON CONSENT

**WHEREAS** on October 25, 2007, Plaintiff Securities and Exchange Commission (the "Commission") filed a complaint for injunctive and other relief against Defendants Thompson Price Holding Inc. ("Thompson Price") and Damir Lukovic ("Lukovic") (collectively, "Defendants");

**WHEREAS** the Commission alleges in its complaint ("Complaint") that Defendants engaged in a fraudulent scheme to induce investors to send checks purportedly for the purchase of shares in the initial public offerings ("IPOs") of several Australian companies in violation of 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a);

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10|31|2007
```



RECEIVED
OCT 31 2007
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J

**WHEREAS** on October 25, 2007, the Commission filed an Application for an Order directing Defendants to, among other things, show cause why an order should not be entered pending adjudication of this action preliminary enjoining the Defendants from violation the sections of the Securities and Exchange Acts referred to above;

**WHEREAS** the Court on October 25, 2007, entered an Order to Show Cause, Temporary Restraining Order, Order Freezing Assets, Order for Accountings, and Granting Other Relief (the "TRO");

**WHEREAS** Defendant Lukovic, in his individual capacity and as President and on behalf of Thompson Price, admits the Court's jurisdiction over him, and over Thompson Price, and over the subject matter of this action;

**WHEREAS** Defendant Lukovic, without admitting or denying the allegations of the complaint and without waiving any Fifth Amendment Privilege against self-incrimination, in his individual capacity and as President and on behalf of Thompson Price, hereby consents to the entry of this Order Granting: (1) A Preliminary Injunction; (2) An Asset Freeze; (3) An Accounting; (4) Expedited Discovery, and (5) A Prohibition on the Alteration, Destruction and Concealment of Documents (the "Preliminary Injunction Order");

**WHEREAS** Defendant Lukovic waives, in his individual capacity and also as President and on behalf of Thompson Price, the requirement to set forth in the Preliminary Injunction Order the reasons for the issuance of the preliminary injunction pursuant to Fed. R. Civ. P. 65(d);

**WHEREAS** Defendant Lukovic consents, in his individual capacity and also as President and on behalf of Thompson Price, voluntarily to the entry of the Preliminary

Injunction Order and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent or representative of the Commission to induce him or Thompson Price to consent to the entry of the Preliminary Injunction Order; and

**WHEREAS** Defendants and the Commission, in the interest of avoiding unnecessary litigation arising from any Commission application for a temporary restraining order and/or preliminary injunctive relief before this Court, and in lieu of such litigation, hereby stipulate and agree to this Preliminary Injunction Order and the relief set forth herein;

**NOW THEREFORE,**

### I.

**IT IS ORDERED** that, pending a final disposition of this action, the Defendants, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Preliminary Injunction Order by personal service, facsimile service, or otherwise, are preliminarily enjoined and restrained from, directly or indirectly, singly or in concert, the offer or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    (a)    employing any device, scheme or artifice to defraud;

    (b)    obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## II.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the Defendants, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Preliminary Injunction Order by personal service, facsimile service, or otherwise, are preliminarily enjoined and restrained from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (a)    employing any device, scheme, or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## III.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the Defendants, and each of them, their agents, servants, employees, and attorneys-in-fact,

and those persons in active concert or participation with them who receive actual notice of this Preliminary Injunction Order by personal service, facsimile service, or otherwise, are preliminarily enjoined and restrained from, directly or indirectly, singly or in concert, by use of the mails or any means or instrumentality of interstate commerce, in the absence of any applicable exemption, while acting as a broker or dealer:

    (a)    effecting transactions in or inducing or attempting to induce the purchase or sale of securities while not registered with the Commission as a broker or dealer; or

    (b)    effecting transactions in or inducing or attempting to induce the purchase or sale of securities while not associated with an entity registered with the Commission as a broker-dealer,

in violation of Section15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

### IV.

**IT IS FURTHER ORDERED** that pending a final disposition of this action, the Defendants, and each of the Defendants' financial and brokerage institutions, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with the Defendants who receive actual notice of this Preliminary Injunction Order by personal service, facsimile service, or otherwise, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the control of the

Defendants, whether held in their names or for their direct or indirect beneficial interest wherever situated.

### V.

**IT IS FURTHER ORDERED** that pending a final disposition of this action, the Defendants and any persons or entity acting at their direction or on their behalf, are enjoined and restrained, from destroying, altering, concealing or otherwise interfering with the access of the Commission to any and all documents, books, and records, that are in the possession, custody or control of Defendants and their agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to Defendants' finances, or the offer, purchase or sale of securities and the use of proceeds therefrom.

### VI.

**IT IS FURTHER ORDERED** that pending a final disposition of this action no creditor or claimant against any of the Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the Defendants' assets.

### VII.

**IT IS FURTHER ORDERED** that each of the Defendants file with this Court and serve upon plaintiff Commission, within thirty (30) days, subject to reasonable extensions as the Court may grant, a verified written accounting, signed by each such Defendant, and under penalty of perjury, setting forth:

(1)   All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of each such Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2)   All money, property, assets and income received by each such Defendant for his direct or indirect benefit, at any time from October 1, 2006 through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

(3)   The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of each such Defendant; and

(4) All assets, funds, securities, and real or personal property received by each such Defendant, or any other person controlled by them, from persons who provided money to the Defendants in connection with the offer, purchase or sale of a security, from October 1, 2006 to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property.

Nothing in this paragraph shall be deemed a waiver of the Fifth Amendment privilege against self-incrimination that any defendant may otherwise assert.

## VIII.

**IT IS FURTHER ORDERED** that discovery is expedited as follows. Pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure ("F.R.C.P."), and without the requirement of a meeting pursuant to F.R.C.P. 26(f), the parties may:

(1) Take depositions, subject to two (2) calendar days' notice by facsimile, or otherwise;

(2) Obtain the production of documents, within three calendar (3) days from service by facsimile, or otherwise of a request or subpoena, from any party, or any other persons or entities, including non-party witnesses;

(3) Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, overnight courier, or first-class mail on an individual, entity or the individual's or entity's attorney; and

(4) All expedited discovery sought while the TRO was in effect shall be deemed to have been sought pursuant to this Preliminary Injunction Order.

Nothing in this paragraph shall be deemed a waiver of the Fifth Amendment privilege against self-incrimination that any defendant may otherwise assert.

### IX.

**IT IS FURTHER ORDERED** that, service of any pleadings, notices, motions, or order on Defendants may be made by personal delivery, facsimile, overnight courier, or first-class mail on Defendants' attorney, Michael Rosen, Esq.

### X.

**IT IS FURTHER ORDERED** that this Preliminary Injunction Order shall be, and is, binding upon the Defendants and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active

concert or participation with them who receive actual notice of this Preliminary Injunction Order by personal service, facsimile service, or otherwise.

Consented to by:

*Damir Lukovic* /mr

Damir Lukovic
On behalf of himself and
  as President of Thompson Price Holding Inc.

Michael Rosen (MR-0062)
Andrew M. Lawler, Esq.
61 Broadway, Room 1105
New York, NY 10006-2728
212.742.1717
Attorney for Defendants

Todd D. Brody (TB-2869)
Securities and Exchange Commission
New York Regional Office
3 World Financial Center
New York, NY 10281
(212) 336-0080
Attorneys for Plaintiff Securities
  and Exchange Commission

SO ORDERED:

*RMB*

UNITED STATES DISTRICT JUDGE

Issued at: New York, N.Y.
10/31/07, 2007

*Richard M. Berman*

10